UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 90-8327
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

STEFAN MARTIROSIAN,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Western District of Texas

_____

(July 27, 1992)

Before POLITZ, Chief Judge, SMITH and BARKSDALE, Circuit Judges.

BARKSDALE, Circuit Judge:

Having been convicted on a plea of guilty to possession of cocaine with intent to distribute, Stefan Martirosian's primary contention on appeal is that the district court's failure, in accepting his plea, to inform him of the mandatory minimum penalty provided by law for the offense, as mandated by Fed. R. Crim. P. 11(c)(1), constitutes a complete failure to address a Rule 11 core concern, requiring that he be allowed to plead anew. We **VACATE** and **REMAND**.

I.

In April 1989, Martirosian, a resident alien and Armenian citizen of the former Soviet Union, was a passenger aboard a bus stopped at the United States Border Patrol checkpoint at Sierra

Blanca, Texas.  A Border Patrol agent boarded the bus to conduct a citizenship check.  Martirosian stated that he was a resident alien, but did not have his resident alien card with him.  As Martirosian was being removed from the bus, the agent noticed a travel bag located above his seat.  After Martirosian denied ownership of it, the agent took it to search for citizenship papers.  The search revealed, among other things, 143 ounces of cocaine and a Russian language newspaper.

Martirosian was charged in May 1989 in a one-count indictment with possession of more than 500 grams of cocaine with intent to distribute (cocaine count), in violation of 21 U.S.C. § 841(a)(1). A superseding indictment added charges that Martirosian possessed phenobarbital with intent to distribute, also in violation of § 841(a)(1); falsely represented himself to be a United States citizen at the checkpoint, in violation of 18 U.S.C. § 911; and failed to have in his possession his alien registration receipt card, in violation of 8 U.S.C. § 1304(e).

In October 1989, Martirosian entered into a plea agreement; in exchange for a guilty plea to the cocaine count, the others would be dismissed after sentencing.  The district court accepted the plea at a hearing that month; set sentencing for December; and allowed Martirosian to remain free on bond pending sentencing. Sentencing was reset for January 1990; Martirosian failed to appear.  That March, he was arrested in Nevada.

Martirosian moved that April for permission to withdraw his plea.  A hearing was promptly held, at which Martirosian alleged,

among other things, that he pleaded guilty based on the representation of his attorney's paralegal that, if he did so, he would receive probation for providing information on KGB agents to the FBI. The motion was denied.

Martirosian was sentenced in May 1990 on the cocaine count to, among other things, 114 months' imprisonment. His sentencing guidelines' offense level included a two-level upward adjustment for obstruction of justice, based on his failure to appear at the January 1990 sentencing hearing. On motion of the government, the other counts were dismissed.

Martirosian appealed, contending that the district court erred in refusing to allow the plea withdrawal and in enhancing his sentence for obstruction of justice. In response, the government maintained that the record was inadequate to determine the district court's reasoning for denying withdrawal and recommended that the appeal be held in abeyance, with the case remanded for further proceedings. This court so ordered in March 1991.

Following a two-day evidentiary hearing that July, the district court again denied the motion to withdraw the plea and entered detailed findings of fact and conclusions of law that August. In October 1991, this court granted Martirosian's unopposed motion for supplemental briefing in this appeal.[1]

---

[1] Martirosian's supplemental affirmative and reply briefs were not submitted by the same counsel who filed his original briefs.

II.

In his post-remand supplemental brief, Martirosian contends for the first time that his guilty plea was taken in violation of Rule 11, because the district court did not advise him of the mandatory minimum penalty provided by law for his offense. The government, by a supplemental brief, has responded to this new contention.[2] Because our disposition requires a remand to allow Martirosian to plead anew, we do not reach the other issues he raises.[3]

Rule 11 requires the district court, before accepting a guilty plea, to address the defendant in open court and inform him of, and determine that he understands, among other things

> the nature of the charge to which the plea is offered, *the mandatory minimum penalty provided by law, if any,* and the maximum possible penalty provided by law ....

---

[2]    Because the government has fully responded, and does not assert waiver or prejudice, we address the merits of this claim. We do not intimate any view on whether raising an issue for the first time during appeal, after a remand while the appeal is held in abeyance, constitutes waiver where, as here, that issue could have been raised prior to remand. *See generally* **Northwestern Indiana Telephone Co. v. F.C.C.**, 872 F.2d 465, 470 (D.C. Cir. 1989) (absent compelling explanation, it is generally inappropriate to consider argument raised on an appeal following remand, where it could have been properly presented on initial appeal), *cert. denied*, 493 U.S. 1035 (1990); **Walnut Properties, Inc. v. City of Whittier**, 861 F.2d 1102, 1106 (9th Cir. 1988) (same), *cert. denied*, 490 U.S. 1006 (1989). Obviously, this belated assertion has resulted in a waste of scarce judicial resources in this court and the district court.

[3]    These include whether Martirosian (1) should have been permitted to withdraw his plea; (2) was denied effective assistance of counsel; and (3) erroneously received an upward offense level adjustment for obstruction of justice.

Fed. R. Crim. P. 11(c)(1) (emphasis added). During the plea hearing, the district court did not inform Martirosian of the mandatory minimum penalty (five years) provided by law for his offense. *See* 21 U.S.C. § 841(b)(1)(B). The government concedes this, but claims harmless error pursuant to Fed. R. Crim. P. 11(h).

Rule 11 is intended to ensure that a defendant makes an informed and voluntary plea. The rule, as interpreted by this court, addresses three "core concerns": "(1) whether the guilty plea was coerced; (2) whether the defendant understands the nature of the charges; and (3) whether the defendant understands the consequences of the plea." *United States v. Adams*, 961 F.2d 505, 510 (5th Cir. 1992); *see also United States v. Bachynsky*, 934 F.2d 1349, 1354 (5th Cir.) (en banc), *cert. denied*, __ U.S. __, 112 S. Ct. 402 (1991). A complete failure of the district court to address any one of these concerns when accepting a plea requires reversal; Rule 11(h)'s harmless error analysis is inapplicable. *Adams*, 961 F.2d at 510-11; *United States v. Pierce*, 893 F.2d 669, 679 (5th Cir. 1990). A merely inadequate or "less than letter perfect" treatment of a core concern, however, is reviewed for harmless error. *Bachynsky*, 934 F.2d at 1354; *see also Adams*, 961 F.2d at 510-11.

The core concern in issue is whether Martirosian understood the consequences of his plea. The district court's failure to inform Martirosian of, and determine that he understood, the mandatory minimum sentence "went to the heart of this requirement". *Pierce*, 893 F.2d at 679. Indeed, one of Rule 11's objectives "is

to insure that a defendant knows what minimum sentence the judge *must* impose".  Fed. R. Crim. P. 11 advisory committee's note (1974 amend.) (emphasis added).  The failure to advise Martirosian of the minimum mandatory sentence was a complete failure to address a Rule 11 core concern, mandating that the plea be set aside.  We cannot, as urged by the government, review this omission for harmless error.

### III.

For the foregoing reasons, Martirosian's conviction and sentence are **VACATED**, and the case **REMANDED** to permit him to replead.