**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 92-4232

United States of America,

Plaintiff-Appellee,

VERSUS

Wayne A. Pierce,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Louisiana

(December 29, 1992)

Before WISDOM, JOLLY AND DeMOSS, Circuit Judges.

DeMoss, Circuit Judge:

In this case we decide whether the district court's failure to inform the defendant when he entered his guilty plea that the maximum sentence he could receive would include an additional mandatory sentence under 18 U.S.C. § 3147 violated Rule 11 of the Federal Rules of Criminal Procedure. We hold that this failure did violate Rule 11 and Vacate the conviction and sentence, and Remand to permit him to replead.

## I.  FACTS AND PROCEDURAL HISTORY

The defendant, Wayne A. Pierce, is a former Grand Dragon of the Ku Klux Klan in Louisiana.  On November 19, 1990, the government charged Pierce in a one-count indictment with felony possession of a firearm in violation of 18 U.S.C. 922(g).  The same day, Pierce was arraigned and released on bond.  Before being released, Pierce signed a written notice advising him that he would be subject to an enhanced penalty if he committed another offense while on release status.  A jury found the defendant guilty on February 4, 1991, but Pierce remained on bond status until May 7 when the court ordered him to begin serving his sentence.

While on release, Pierce and other members of the Klan planned to burn several crosses on the day Pierce began serving his firearm possession sentence.  The evening after Pierce entered prison, his co-defendants burned crosses at nine different locations in Louisiana.  As a result of the cross burning, the government indicted Pierce and his co-defendants with conspiring to deprive or interfere with the rights of minorities and with using fire and explosives during the commission of a felony.  On December 4, 1991, Pierce pled guilty to these later charges.  The district court held a hearing in accordance with Rule 11 of the Federal Rules of Criminal Procedure in which the defendant indicated that he understood that the maximum total period of incarceration the court could impose was 18 years.

On January 31, 1992, the government filed an Application for Sentence Enhancement for committing offenses while on release

status under U.S.S.G § 2J1.7 and 18 U.S.C. § 3417. On February 21, 1992, the district court sentenced Pierce to 60 months of incarceration on the counts in the indictment. Pursuant to 18 U.S.C. § 3417, the district court also sentenced the defendant to an additional 12 months for committing an offense while on release status, giving the defendant a total sentence of 72 months.

## II. DISCUSSION

Pierce contends that his guilty plea was involuntary because the district court failed to advise him of the maximum sentence he could receive in violation of Rule 11 of the Federal Rules of Criminal Procedure. Rule 11 provides:

> Before accepting the a plea of guilty or nolo contendere, the court must address the defendant in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines under some circumstances, and when applicable, that the court may also order the defendant to make restitution to any victim of the offense.

Fed. R. Crim. P. 11(c).

This circuit has found that Rule 11 addresses three core concerns: 1) whether the guilty plea was coerced, 2) whether the defendant understands the nature of the charges, 3) whether the defendant understands the consequences of his plea. United States v. Adams, 961 F.2d 505, 510 (5th Cir. 1992). The core concern at issue in this case is whether Pierce knew the consequences of his

plea.  When the district court informed Pierce of the maximum sentence he could receive, it failed to account for the mandatory enhancement for committing an offense while on release provided by 18 U.S.C. § 3147.  As a result, the district court told Pierce that the maximum possible sentence he could receive was 18 years, when it was actually 19 years.  Pierce argues that this failure was a violation of Rule 11.

Pierce further argues that the failure was not harmless because 18 U.S.C. § 3147 requires the district court to impose an additional consecutive sentence.  To support his argument, Pierce looks to the comments of the corresponding guideline that provide that "[a]n enhancement under 18 U.S.C. § 3147 may be imposed only after sufficient notice to the defendant by the government or the court."  U.S.S.G. § 2J1.7.  Pierce argues that under Rule 11 of the Federal Rules of Criminal Procedure, the government or the court must give him the required notice when he enters his plea.

The government, on the other hand, contends that the additional mandatory sentence that 18 U.S.C. § 3147 imposes is merely a sentence enhancement provision that is not subject to the requirements of Rule 11.  The government relies on United States v. Jackson, 891 F.2d 1151, 1153 (5th Cir. 1989); but in that case we held only that 18 U.S.C. § 3147 was a sentence enhancement provision and not a separate offense for which the government had to indict the defendant.  This court has also held that Rule 11's requirement that the defendant be informed of statutory maximum and minimum offenses applies to statutory sentencing ranges and not to

guideline adjustments.  <u>U.S. v. Pearson</u>, 910 F.2d 221, 223 (5th Cir. 1990).  A defendant is entitled to notice of the applicability of recidivist statutes that increase the statutory maximum penalty prior to the entry of a guilty plea.  <u>Id</u>.

The government also argues that it satisfied Rule 11's requirements by informing Pierce that he would be subject to an enhanced sentence for any offense he committed while on release before releasing him on bond.  The government, however, cites no authority to support this argument.

The government argues that, even if Rule 11 requires the court to give notice of the enhanced maximum sentence, Pierce waived the right to complain about the sentence.  This argument is based on the plea agreement that gives the government the right to inform the sentencing judge of "all matters in aggravation and mitigation relevant to the issue of sentencing."  Based on the plea agreement, the government argues that it merely informed the court of aggravating circumstances.  The government's argument is misplaced.  The plea agreement does not change the fact that the district court did not inform Pierce of the maximum sentence he might receive.

Under the Federal Rules of Criminal Procedure, "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."  Fed. R. Crim. P. 11(h).  The government argues that, even if notice is required under Rule 11 prior to entry of the plea, any failure to provide adequate notice of the maximum sentence was harmless error here because the sentence for the underlying offense together with the § 3147

5

enhancement yielded a sentence less that the statutory maximum for the underlying offense, a maximum of which Pierce was apprised at the plea colloquy. This type of error has been held harmless in cases involving failure to inform of supervised release, where the supervised release term together with the sentence actually imposed did not exceed what the defendant was informed the statutory maximum penalty for the offense would be. United States v. Bachynsky, 934 F.2d 1349, 1360 (5th Cir.) (en banc), cert. denied, 112 S.Ct. 402 (1991). A recent opinion from this Court indicates, however, that a failure to comply with Rule 11's directive to inform of the statutory maximum and minimum sentence is a total failure on a core concern which is not subject to harmless error analysis. United States v. Martirosian, 967 F.2d 1036, 1039 (5th Cir. July 27, 1992).

Martirosian controls the decision in this case. In Martirosian, the court failed to inform the defendant of the minimum mandatory sentence. Later, the court gave the defendant a sentence that greatly exceeded the statutory minimum. We held that the district court's failure to inform the defendant of the minimum sentenced "was a complete failure to address a Rule 11 core concern, mandating that the plea be set aside." Martirosian, 967 F.2d at 1038. The problem in the instant case is the reverse of the problem we faced in Martirosian. Yet, in this case as in Martirosian, the district court failed to fully inform the defendant of the possible consequences of his plea. Failing to advise Pierce of the maximum sentence was a complete failure to

6

address a Rule 11 core concern, mandating that the plea be set aside. We cannot, as the government urges, review this omission for harmless error. Therefore, we Vacate the conviction and sentence, and Remand to allow the defendant to replead.