1 F.3d 1234
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lynette Rena BROXTON, Defendant-Appellant.
 No. 92-5611.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 16, 1993.
Decided: July 30, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.
 Jane Charnock, CHARNOCK & CHARNOCK, for Appellant
 Michael W. Carey, United States Attorney, Victoria B. Major, Assistant United States Attorney, for Appellee.
 S.D.W.Va.
 VACATED AND REMANDED.
 Before NIEMEYER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Lynette Rena Broxton entered a guilty plea to a charge of conspiring to distribute over fifty grams of crack cocaine and to commit various other drug trafficking violations, 21 U.S.C.A. Sec. 846 (West Supp. 1993). She received a sentence of 121 months and three years supervised release. Broxton's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in her view, there are no meritorious issues for appeal. Broxton has been notified of her right to file a supplemental brief, but has failed to exercise her right in this regard. Because Broxton was not correctly informed at the Rule 11 hearing of the mandatory minimum penalty for her offense, we vacate her guilty plea and remand the case to allow her to replead.
 
 
 2
 Broxton's guilty plea to Count One of the indictment, which charged her and others with conspiracy to distribute more than fifty grams of crack cocaine, exposed her to a mandatory minimum sentence of ten years, and a maximum term of life in prison. 21 U.S.C.A. Secs. 846, 841(b)(1)(A) (West 1981 & Supp. 1993). However, her plea agreement incorrectly stated that the maximum penalty she faced was twenty years. At the Rule 11 hearing, the district court, while otherwise carefully complying with the rule, also informed Broxton that her maximum punishment would be twenty years, and failed to inform her of the ten-year mandatory minimum sentence.
 
 
 3
 Before accepting a guilty plea, the district court is required to inform the defendant of the consequences of the plea, including any mandatory minimum penalty and the maximum possible penalty provided by law. Fed. R. Crim. P. 11(c)(1). The court's understatement of the maximum sentence may not ultimately have prejudiced Broxton, because her guideline sentence did not exceed twenty years. However, the court's failure to advise Broxton of the mandatory minimum sentence, a direct consequence of her guilty plea, requires that the plea be vacated. United States v. Martirosian, 967 F.2d 1036 (5th Cir. 1992).
 
 
 4
 The issues presented by counsel are without merit. The amount of crack attributed to Broxton was not contested. However, its use as relevant conduct in determining her sentence was not plain error because the whole amount was found in her residence, which was the headquarters for the conspiracy run by her boyfriend, and she did not show that her participation in the conspiracy was limited. United States Sentencing Commission, Guidelines Manual,Sec. 1B1.3(a)(1), comment. (n.1) (Nov. 1991). The district court's decision not to depart is not reviewable. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 498 U.S. 819 (1990). As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no other nonfrivolous grounds for appeal.
 
 
 5
 Accordingly, we vacate Broxton's guilty plea and remand this case with directions to allow Broxton an opportunity to enter a new plea. We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 VACATED AND REMANDED