36 F.3d 1094
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Byron Maurice FOSTER, a/k/a Christopher Rooks, a/k/a Bryan
Maurice Foster, Defendant-Appellant.
 No. 93-5914.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 25, 1994.
Decided Sept. 19, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-92-22)
 Mary J. Healey, St. Albans, WV, for appellant.
 Rebecca A. Betts, U.S. Atty., Paul T. Farrell, Asst. U.S. Atty., Huntington, WV, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before RUSSELL and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 After one day of trial, Byron Maurice Foster pled guilty to Count One of a superseding indictment which charged him with conspiring between the summer of 1991 and January 9, 1992, to possess crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994). His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising four issues but stating that, in her view, there are no meritorious issues for appeal. Foster has filed a supplemental brief in which he claims that he received ineffective assistance of counsel both in the district court and on appeal. He also suggests that his guilty plea entitled him to an adjustment for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1992). We affirm.
 
 
 2
 Byron Foster is a Detroit resident who was implicated in a conspiracy to bring crack from Detroit to Huntington, West Virginia, for sale. On January 8, 1992, Foster and co-defendant Kenneth Wattis Brown were stopped for speeding in Ohio. A consensual search of the car disclosed eight ounces of crack (235.18 grams) and a gun.
 
 
 3
 Foster was charged with drug trafficking in state court in Ohio and sentenced to serve three to fifteen years imprisonment. While serving this term, he was charged in federal court with conspiring to distribute crack. Numerous co-defendants entered guilty pleas and agreed to testify against him.
 
 
 4
 At Foster's guilty plea hearing, the government described the Ohio arrest as part of its factual basis, but did not mention the amount of drugs involved there. The plea agreement contained no stipulation concerning the quantity of drugs attributable to Foster. However, the probation officer recommended an offense level of thirty-two (50-150 grams of crack), U.S.S.G. Sec. 2D1.1, in deference to an informal government agreement not to seek enhancements for a leadership role or possession of a firearm, and to limit Foster's exposure to 50-150 grams of crack. The recommended guideline range was 135-168 months.
 
 
 5
 At sentencing, Foster personally argued that the amount of crack attributed to him as relevant conduct was inflated, and asked for a continuance of sentencing. The government responded that it had agreed to attribute to Foster an amount which was "miniscule in comparison to what he actually did," and that the amount found in Ohio alone was enough to give him a higher guideline range. The district court determined that Foster did not wish to withdraw his guilty plea and accepted the recommended offense level of thirty-two. Pursuant to U.S.S.G. Sec. 4A1.3, the district court departed sua sponte below the guideline range of 135-168 months to sentence Foster to 121 months imprisonment.
 
 
 6
 The issues raised by appellate counsel are: whether the sentencing guidelines apply; whether the guidelines were correctly applied; whether there were grounds for a downward departure; and whether the guidelines are constitutional. She suggests that each question should be answered in the affirmative. Foster's claim of ineffective assistance of counsel is not reviewable on direct appeal unless the record conclusively demonstrates ineffectiveness, which we do not find to be the case here. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). In his interview with the probation officer, Foster denied any participation in the conspiracy beyond knowing his codefendants. The district court therefore did not plainly err in failing to award him a reduction for acceptance of responsibility.
 
 
 7
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no reversible error.* The conviction and sentence are therefore affirmed. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1994)), this Court requires that counsel inform her client, in writing, of his right to petition the Supreme Court for further review. If requested by her client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 *
 We note that Foster was not informed that he was exposed to a mandatory minimum sentence of 10 years under 21 U.S.C.A. Sec. 841(b)(1)(A) before he entered his guilty plea, although it was clear at that point that at least 50 grams of crack were attributable to him. While such an omission may in some circumstances invalidate a guilty plea, see United States v. Martirosian, 967 F.2d 1036, 1038-39 (5th Cir.1992), in this case Foster was offered the opportunity to withdraw his plea at sentencing and declined. Therefore, the error was harmless. Fed.R.Crim.P. 11(h)
 We also note, once again, that plea agreements should not undermine the sentencing guidelines. See U.S.S.G.Sec. 6B1.2(a) & comment.; U.S.S.G.App. C, amendment 467; see also Sec. 6B1.4(a) & comment. (not appropriate for parties to stipulate to misleading facts.)