# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CR03-0654

**STATE OF LOUISIANA**

**VERSUS**

**ALBERT C. GIRTLEY, SR.**

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 265,027
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

**********

**JIMMIE C. PETERS
JUDGE**

**********

Court composed of Ned E. Doucet, Jr., Chief Judge, Billie Colombaro Woodard and Jimmie C. Peters, Judges.

**AFFIRMED.**

Woodard, J., dissents and assigns written reasons.

**Charles E. Johnson, Jr.**
**Assistant District Attorney**
**Post Office Box 1472**
**Alexandria, LA 71309**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Christopher A. Aberle**
**Post Office Box 8583**
**Mandeville, LA 70470**
**(985) 871-4084**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Albert C. Girtley, Sr.**

PETERS, J.

The defendant, Albert C. Girtley, Sr., entered guilty pleas to one count of attempted manslaughter, a violation of La.R.S. 14:31 and La.R.S. 14:27,[1] and one count of possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1,[2] on December 16, 2002. After obtaining a presentence investigation report, the trial court sentenced the defendant to serve twenty years at hard labor on the conviction for attempted manslaughter and to serve fifteen years at hard labor, without the benefit of probation, parole, or suspension of sentence, and to pay a $1,000.00 fine on the conviction for possession of a firearm by a convicted felon. The trial court then ordered that the sentences run consecutively. After the trial court rejected his motion to reconsider his sentence, the defendant filed this appeal.

The factual background is not in dispute. On September 17, 1991, the defendant had been convicted of attempted manslaughter. On April 6, 2002, he shot Michael Dwane Joseph twice with a firearm. In his sole assignment of error, the defendant asserts that the trial court erred in accepting his guilty pleas without adequately explaining the possible maximum incarceration sentences that could be imposed for the convictions. Specifically, the defendant asserts that the trial court erred in not advising him that the sentences could be imposed consecutively.

Louisiana Code of Criminal Procedure Article 556.1 lists the subjects which the trial court must personally address with a defendant before accepting a felony guilty plea. Included within those subjects is the requirement that the trial court inform the defendant of "[t]he nature of the *charge* to which the plea is offered, the mandatory minimum *penalty* provided by law, if any, and the maximum possible *penalty*

---

[1]Louisiana Revised Statutes 14:27 was amended by 2003 La. Acts Nos. 166 and 745. However, these amendments do not affect the outcome of this case.

[2]Louisiana Revised Statutes 14:95.1 was amended by 2003 La. Acts No. 674. However, the amendment does not affect the outcome of this case.

provided by law." La.Code Crim.P. art. 556.1(A)(1) (emphasis added).

As charged in this case, the offense of attempted manslaughter has no mandatory minimum penalty and has a maximum possible penalty of twenty years at hard labor. La.R.S. 14:31(B); La.R.S. 14:27(D)(3). An individual convicted of possession of a firearm by a convicted felon is subject to a mandatory minimum penalty of ten years at hard labor and a $1,000.00 fine and a maximum possible penalty of fifteen years at hard labor and a $5,000.00 fine. La.R.S. 95.1(B). Any incarceration sentence under that statute is to be served without benefit of parole, probation, or suspension of sentence. *Id*.

At the hearing in which the defendant entered his pleas, the trial court specifically advised the defendant of the following:

> You understand that to the charge of attempted manslaughter the court could give you no time in jail up to twenty years and to the charge of one count of possession of a firearm by a felon the court could give you ten years up to fifteen years without benefit, or pay a fine of $1,000.00 not to exceed $5,000.00 or both, do you understand that?

The defendant responded, "Yes sir." Thus, the trial court clearly informed the defendant of the mandatory minimum penalty and the maximum possible penalty for *each* charge.

The defendant argues on appeal that he believed the maximum sentence he could receive was twenty years and that, had he known he could be sentenced to thirty-five years, he would not have entered his guilty pleas. He points out that La.Code Crim.P. art. 883 provides that, generally, "[i]f [a] defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively."

The defendant directs us to no reported Louisiana cases interpreting La.Code

2

Crim.P. art. 556.1 in which multiple pleas are entered at the same time. In his appellate brief, he cites us to *Iowa v. White*, 587 N.W. 2d 240 (IA 1998), as authority for his position. In that case, the defendant argued that his plea was constitutionally invalid because the trial court failed to inform him that the maximum punishment that could be imposed included consecutive sentences. He suggested that this violated Iowa Rule of Criminal Procedure 8 and the United States Constitution. The Iowa Supreme Court agreed, stating that failure to inform the defendant of the "maximum possible punishment" violated Iowa Rule of Criminal Procedure 8 and the requirements of the United States Constitution. *Id.* at 246.

We also have found no reported Louisiana cases interpreting La.Code Crim.P. art. 556.1 in the context of multiple pleas. However, we note that La.Code Crim.P. art. 556.1 addresses the trial court's explanation requirements in terms of a "charge," not "charges." In this case, the trial court informed the defendant of the minimum and maximum penalties for *each charge*. It logically follows that a defendant, when informed of his exposure on each charge, can mathematically calculate his total exposure if the trial court chooses to impose the sentences consecutively. Had the legislature intended that the trial court specify to a defendant that multiple sentences could be imposed consecutively, it could have so stated. We will not judicially engraft that requirement onto the statute.

Further, while we are not bound by the Iowa Supreme Court's interpretation of Iowa law, we do not find it in conflict with our interpretation of Louisiana law. Louisiana Code of Criminal Procedure Article 556.1 is written in terms of each individual charge, and Iowa Rule of Criminal Procedure 8 addresses the "maximum possible *punishment*"that can be imposed. (Emphasis added.) In the case before us, the trial court informed the defendant of the maximum possible sentence that could

3

be imposed on *each* count. As previously stated, we find nothing in Louisiana law or jurisprudence which requires a trial court to inform a defendant of the aggregate maximum possible punishment to which he could be exposed when pleading to multiple offenses.

Nothing in the record suggests that the defendant was induced to plead guilty to both counts by unkept promises or misrepresentations on the part of the trial court, the state, or the defendant's counsel. The record reflects that the defendant specifically acknowledged his pleas were not subject to a sentencing agreement. The more reasonable explanation for the defendant's inducement to enter into the plea agreement was the state's reduction of the one count from attempted second degree murder to attempted manslaughter and the state's agreement not to pursue him as an habitual offender. These agreements reduced his incarceration exposure significantly. Accordingly, we find no merit in the defendant's assignment of error.

### DISPOSITION

For the foregoing reasons, we affirm the defendant's convictions and sentences.

**AFFIRMED.**

4

NUMBER CR03-654

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

     State - Appellee

Versus

ALBERT C. GIRTLEY, SR.

     Defendant - Appellant

On appeal from the Ninth Judicial District Court [Number 265,027], for the Parish of Rapides, State of Louisiana; the Honorable Harry F. Randow, District Judge, presiding.

Woodard, J., dissenting.

It appears that this case presents a *res nova* issue concerning the legislative intent behind requiring courts to inform a defendant of the "maximum" sentence to which he will be exposed when pleading guilty to more than one charge and the meaning of a "voluntary" and "knowing" guilty plea. It is well settled that the lower court has the responsibility to inform a defendant of the maximum possible sentence he could receive before pleading guilty to any offense(s). However, the statute governing this requirement—La.Code Crim.P. art. 556.1—does not, explicitly, use terms connoting its application to multiple charges.

Nevertheless, presumably, the underlying goal of its requirement is to ensure that courts are to inform a defendant of the maximum exposure his guilty plea will elicit so that he can give a "knowing" and, thus, "voluntary" guilty plea. Even though, technically, one can argue that the statute requires, only, that a court advise the defendant of the maximum on an individual charge, when he is pleading to more than one, advising him simply of the maximum on each charge without also advising him that those maximums, in effect, could be stacked, greatly expanding his incarceration, undermines the legislative intent.

Notwithstanding, narrowing its focus to La.Code Crim.P. art. 556.1's word, "charge," as opposed to "charges," the majority concludes that the trial court fulfilled its responsibility to make Mr. Girtley fully aware of *all the relevant circumstances and likely consequences* of his guilty plea even though dealing with multiple charges creates a different scenario than that explicitly expressed in the statute and one in which common sense dictates an expanded explanation of the sentencing possibilities to fulfill constitutionally protected due process requirements. Furthermore, with its limited interpretation of La.Code Crim.P. art. 556.1, the majority ignores the pivotal fact that the statute also directs our courts to determine whether a defendant's plea "is *voluntary*."

Essentially, the majority's approach authorizes lower courts to assume that a defendant will *surmise* that his sentences could be ordered to run consecutively, even though this resulting omission means providing less than full disclosure. Moreover, reality creates a reasonable expectation for a defendant that he will receive concurrent sentences. This is because concurrent sentences are the norm for related crimes [1] in light of La.Code Crim.P. art. 883 which provides "if the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served *concurrently* unless the court expressly directs that some or all be served consecutively." (Emphasis added.) Thus, this article and its application create for a defendant an expectation, not of facing the imposition of, either, concurrent or consecutive sentences, but rather, of receiving concurrent sentences unless expressly advised to the contrary.

More importantly, to satisfy a defendant's constitutionally protected due process rights, courts are not permitted to *assume* that he knows any of the basic consequences of pleading guilty. Rather, they must explicitly advise him of each and every consequence and they must ascertain that he fully understands each consequence. Indeed, in *State v. Montalban,* our supreme court recently determined that a guilty plea's validity is dependent on this satisfaction of due process:

> The entry of a guilty plea must be a free and voluntary choice on the defendant's part. *Due process requires that pleas of guilty be voluntary*

---

[1] *State v. Walker*, 00-3200 (La. 10/16/01), 799 So.2d 461; La.Code Crim.P. art. 883.

*and intelligent relinquishments of known rights. The court must make an independent determination of whether the defendant's plea is made knowingly and intelligently* through a colloquy wherein the defendant is questioned about his decision and the constitutional rights he is waiving.[2]

(Emphasis added.)

Additionally, the United States Supreme Court has consistently held that "[w]aivers of constitutional rights not only must be voluntary but must be *knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences*."[3] (Emphasis added.)

Nevertheless, in the instant case, the majority concludes that it is enough to inform a defendant of the maximum punishment on each charge, leaving him to *surmise* that the sentences could be ordered to be served consecutively, thus, increasing his real, possible, maximum exposure of incarceration.[4] Responding to, essentially, the same argument, the Supreme Court of Iowa stated:

> The position urged . . . for our adoption violates these [Constitutional] principles and requirements. *It leaves the defendant* informed of statutory words, thus partially informed, but *uninformed of the true maximum possible punishment . . . coming from consecutive sentences.* In essence, defendant is uninformed and unenlightened.[5]

(Emphasis added.)

Furthermore, failing to inform a defendant of the possibility of consecutive sentences violates the spirit of the law.[6] A defendant surely cannot plead intelligently without first understanding the total consequences of his plea. Therefore, "[t]o hold that the term 'maximum' does not include the total possible aggregate sentence is clearly incorrect."[7]

---

[2]*State v. Montalban*, 00-2739, p. 4-5 (La. 2/26/02), 810 So.2d 1106, 1108-09 (citations omitted).

[3]*Brady v. U.S.*, 397 U.S. 742, 748 (1970).

[4]*Id.*

[5]*Iowa v. White*, 587 N.W.2d 240, 246 (IA 1998).

[6]*Id.*

[7]*Id.*; (quoting *Commonwealth of Pennsylvania v. Persinger*, 532 Pa. 317 (Pa. 1992)).

3

American Bar Association Standard 14-1.4 explicitly states that the courts should inform the defendant of the possibility of consecutive sentences.[8] Regarding this standard, the Iowa Supreme Court notes that:

> [T]he reasoning behind this standard is sound, for this approach will help to assure that the defendant appreciates the significance and consequences of his plea and that once entered the plea will withstand post-sentencing attack. Requiring the trial court to tell the defendant that the sentences may be imposed consecutively and what the total aggregate sentence could be will not significantly lengthen the colloquy or place any undue burden on the court.[9]

Trial courts can easily satisfy La.Code Crim.P. art. 556.1(A)(1) and the U.S. Constitutional due process requirements on this issue with only a few words.[10] Taking this simple step, which is not unduly burdensome[11] and which would take less than one minute[12] is necessary to fully protect a defendant's rights and provide due process.

In the instant case, the district court did not advise Mr. Girtley that he might have to serve consecutive sentences. Additionally, there is nothing in the record, or from any other source, indicating that his attorney advised him of this possibility. In fact, Mr. Girtley confirms that he believed the greatest sentence he could receive was twenty years and had he known that he could be imprisoned for up to thirty-five years, he would not have plead guilty.

The guilty plea colloquy indicates the trial court advised him of his right to a trial by jury, his right to confront and cross-examine his accusers, and his right against self-incrimination. It also informed him that if he were convicted of another criminal offense in the future, his sentence could be increased because of his decision to enter guilty pleas to the current offenses. Then, the following exchange occurred:

> Q     You understand that to the charge of attempted manslaughter the court could give you no time in jail up to twenty years and to the

---

[8]*See* III AMERICAN BAR ASSOCIATION, STANDARDS FOR CRIMINAL JUSTICE, std. 14-1.4 (2d ed. 1980).

[9]*Iowa*, 587 N.W.2d at 245; (quoting *Persinger*, 532 Pa. 317 (Pa. 1992)).

[10]*Id.*

[11]*Id.*

[12]*Id.*

charge of one count of possession of a firearm by a felon the court could give you ten years up to fifteen years without benefit, or pay a fine of $1,000.00 not to exceed $5,000.00 or both, do you understand that?

A    Yes sir.

Missing from this exchange, however, are a few extremely important words, explaining the difference between consecutive and concurrent sentences, that he could receive consecutive sentences, and what that would mean for him. The inclusion of this information would have made it possible for the court to make a reasoned assessment of Mr. Girtley's understanding of the *full* consequences of his waiver.

The majority's opinion implies that Mr. Girtley is fortunate to have received any plea agreement whatsoever, therefore, any possible error is harmless because the State could have charged him with crimes that carry a much longer maximum sentence. While this may be true, it is also true that our supreme court's standard in *State v. Guzman*[13] instructs that an error is not harmless "if the district court's flawed compliance . . . may reasonably be viewed as having been a material factor affecting [defendant's] decision to plead guilty."

Mr. Girtley's knowledge of the possibility of consecutive sentences surely could have affected his plea negotiations and, ultimately, his decision regarding whether to accept a plea bargain. For example, the prospect of spending thirty-five years in jail, compared with twenty, might have convinced him to exercise his right to a trial to determine his fate which, in turn, might have motivated the State to make a more lenient offer, notwithstanding other possible dropped charges. In other words, sentencing Mr. Girtley, without informing him that he could lose an additional fifteen years of his life, could have affected his decision to plead guilty and his substantial rights—mainly, the extent of his loss of liberty.[14] Thus, the trial court's omission was not harmless.

---

[13]99-1753, 99-1528, p. 20 (La. 5/16/00), 769 So.2d 1158, 1165; quoting *United States v. Johnson*, 1 F.3d 296, 302 (5th Cir. 1993) (en banc) (expressly overruling *United States v. Martirosian*, 967 F.2d 1036 (5th Cir. 1992) (citing *United States v. Bachynsky*, 934 F.2d at 1360).

[14]*Id.*

We must not forget the magnitude of the rights a defendant loses when he agrees to plead guilty. In *Brady v. U.S.*,[15] the United States Supreme Court characterized a guilty plea as "a grave and solemn act to be accepted only with care and discernment." "What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence."[16]

---

[15]397 U.S. at 748.

[16]*Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969).