622 So.2d 1189 (1993)
STATE of Louisiana, Appellee,
v.
Willie GARTH, Jr., Appellant.
No. 24977-KA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1993.
Rehearing Denied September 16, 1993.
*1190 Michael A. Courteau, Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., Bastrop, Charles L. Brumfield, Asst. Dist. Atty., Monroe, for appellee.
Before VICTORY, STEWART and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant, Willie Garth, Jr., was charged by grand jury indictment with two counts of conspiracy to distribute cocaine and one count of distribution of cocaine. Pursuant to a plea bargain, defendant pled guilty to one count of conspiracy to distribute cocaine.[1] All other charges against the defendant were dismissed. The trial court sentenced the defendant to serve fifty-four months at hard labor. Although the defendant appeals his sentence as excessive, we note an error patent which requires that this case be remanded to the district court with instructions.

DISCUSSION

Excessive Sentence
Defendant contends his sentence is excessive. This issue is not properly before this court for review.
Defendant's sentence was imposed on March 31, 1992. LSA-C.Cr.P. Art. 881.1 became effective January 31, 1992, and is applicable to defendant's sentence. This article precludes the state or the defendant from raising an objection to the sentence on appeal or review or from urging any grounds not previously raised in a motion to reconsider sentence. Because defendant failed to move for reconsideration of sentence, he is barred from attacking his sentence on appeal. State v. Bush, 604 So.2d 1383 (La.App. 2d Cir.1992); State v. Bryant, 607 So.2d 11 (La.App. 2d Cir.1992).
This assignment of error is not subject to review.

Error Patent
We note an error patent in the guilty plea colloquy. The plea colloquy forms a part of the proceeding which may be inspected for error patent on the face of the record. State v. Godejohn, 425 So.2d 750 (La.1983); State v. Watts, 550 So.2d 711 (La.App. 2d Cir.1989).
LSA-R.S. 14:26 C provides that the penalty for conspiracy to commit a crime is a fine or imprisonment or both "in the same manner as for the offense contemplated by the conspirators; but such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for such offense, or both." This language has been interpreted to mean that the minimum sentence for conspiracy is one-half the minimum fine and one-half the minimum term of imprisonment for the offense contemplated by the conspirators. State v. Thompson, 543 So.2d 1077 (La.App. 2d Cir. 1989). The statutory sentencing range for distribution of cocaine is imprisonment for not less than five years nor more than thirty years and a fine of not more than $15,000. LSA-R.S. 40:967 B. Therefore, *1191 the sentencing range for conspiracy to distribute cocaine is not less than two and one-half years nor more than fifteen years and a fine of not more than $7,500.
In the instant case, the trial court informed the defendant of the maximum sentence he could receive by pleading guilty to the charge of conspiracy to distribute cocaine but failed to inform the defendant of the minimum sentence he could receive. Furthermore, there is nothing in the record to reflect that the defendant was informed by his attorney of the minimum sentence he could receive if he pled guilty.
The entry of a guilty plea must be a free and voluntary choice on the part of the defendant. State v. Smith, 513 So.2d 544, 546 (La.App. 2d Cir.1987). There must be a showing that the defendant was informed of and waived his constitutionally guaranteed right to trial by jury, right of confrontation and right against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel Jackson v. Henderson, 255 So.2d 85 (La.1971). Moreover, a guilty plea will not be considered voluntarily and knowingly entered unless the trial court apprised the defendant of the possible range of sentences for the offense to which he pleads guilty. State v. Young, 535 So.2d 1150 (La.App. 2d Cir.1988); State v. Domangue, 476 So.2d 986 (La.App. 1st Cir. 1985). The trial court should have informed the defendant of his minimum sentence exposure. Deficiencies in the guilty plea colloquy are error patent and the reviewing court is bound to recognize them. LSA-C.Cr.P. Art. 920(2); State v. Carter, 619 So.2d 82 (La.App. 2d Cir.1993); State v. Hall, 616 So.2d 290 (La.App. 2d Cir.1993).
For the foregoing reasons, we conditionally vacate the conviction and sentence of the defendant, Willie Garth, Jr., and remand this case to the trial court for a hearing, within a reasonable time, regarding the voluntariness of defendant's plea. If it is determined that the plea was knowingly and intelligently entered after defendant was counseled or informed of the minimum and maximum sentence exposure, the record shall be supplemented accordingly and defendant may then be granted an appeal of that determination. If it is determined that the plea was not knowingly and intelligently entered, the plea shall be set aside and further prosecution of the defendant may be undertaken. See State v. Combs, 567 So.2d 733 (La.App. 2d Cir. 1990).
LSA-C.Cr.P. Art. 930.8 provides that the trial court shall inform the defendant of the prescriptive period for post-conviction relief at the time of sentencing. The record shows the trial court did not so inform defendant. Unless the plea is set aside after the hearing, the district court is directed to give the defendant written notice of the prescriptive period for applying for post-conviction relief in accordance with law and to file proof of the defendant's receipt of such notice in the record of the proceedings. State v. Scott, 600 So.2d 756 (La.App. 2d Cir.1992).
CONDITIONALLY VACATED AND REMANDED.

APPLICATION FOR REHEARING
Before MARVIN, VICTORY, BROWN, STEWART and WILLIAMS, JJ.
Rehearing denied.
BROWN, J., would grant rehearing on the Boykin v. Alabama and error patent issues.
NOTES
[1] Our Criminal Code contains a specific provision for the offense of conspiracy to commit a violation of the Controlled Dangerous Substance Statute, LSA-R.S. 40:979. In the instant case, the state cited the general conspiracy provision of LSA-R.S. 14:26 in the indictment. The state's failure to utilize the specific provision is not error patent. State v. O'Blanc, 346 So.2d 686 (La.1977).