714 So.2d 123 (1998)
STATE of Louisiana, Plaintiff-Appellee,
v.
Titus CLAY, Defendant-Appellant.
No. 30770-KA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1998.
*124 John M. Lawrence, Indigent Defender Board, for Defendant-Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, J. Spencer Hays, II, Assistant District Attorney, for Plaintiff-Appellee.
Before MARVIN, C.J., and NORRIS and BROWN, JJ.
NORRIS, Judge.
The state charged Titus M. Clay with intentional distribution of Cocaine, a Schedule II Controlled Dangerous Substance, in contravention of La. R.S. 40:967 A. Clay pled guilty as charged and was sentenced to serve a seven year term of imprisonment at hard labor with credit for time served. Pursuant to an out-of-time appeal, Clay assigns as error the District Court's imposition of an excessive sentence. Because we find error patent on the record, we pretermit discussion of the assigned error. Based on the rationale of State v. Hill, 30,552 (La.App. 2 Cir. 5/13/98), 714 So.2d 814, decided this day, we reverse.

Law and Analysis
Deficiencies in the guilty plea colloquy are errors patent and the reviewing court is bound to recognize them. State v. Powell, 28,173 (La.App. 2 Cir. 5/8/96), 674 So.2d 1057; La.C.Cr.P. art. 920(2). The entry of a guilty plea must be a free and voluntary choice on the part of a defendant. State v. Carter, 619 So.2d 82 (La.App. 2 Cir.1993). For a guilty plea to be considered voluntarily and knowingly entered, the trial court should apprise the defendant of the possible sentence ranges for the offense to which he plead guilty. State v. Hill, supra; State v. Cassels, 27,227 (La.App. 2 Cir. 11/1/95), 662 So.2d 861. The requirement of such advice includes the defendant's understanding of both the maximum and minimum sentence he faces by pleading guilty and any other direct sentencing consequences from his plea. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Cassels, supra. However, the judge is not required to specifically inform the defendant of the possible penalties as long as there is an affirmative showing on the record that the defendant knew of the possible penalties. State v. Bradford, 627 So.2d 781 (La.App. 2 Cir.1993) writ denied, 94-0006 (La.4/22/94), 637 So.2d 154.
In the instant case, the District Court failed to specifically inform Clay that the charge pled to carried a mandatory minimum sentence of five years at hard labor. There is no affirmative showing in the record that Clay was counseled as to the minimum sentence to which he was exposed by his guilty plea. Accordingly, we are constrained to hold that the guilty plea was not a free and voluntary choice on the part of the defendant.

Conclusion
Both the guilty plea and conviction are vacated, and the sentence is set aside with the matter remanded for further proceedings.
GUILTY PLEA AND CONVICTION VACATED, SENTENCE SET ASIDE AND REMANDED FOR FURTHER PROCEEDINGS.
BROWN, J., dissents with reasons.
BROWN, Judge, dissenting.
The statutory sentencing range for distribution of cocaine is not less than five nor more than 30 years at hard labor. The trial court imposed a seven year hard labor sentence. Defendant was granted an out-of-time appeal. In brief, defendant states that *125 "... the offense of selling cocaine was admitted by pleading guilty. The sentence ... is the subject of this appeal."
Disregarding defendant's statement, the majority employs an error patent review to vacate his guilty plea because the trial court did not include in its otherwise thorough recitation of rights that the statute provided a mandatory minimum sentence of five years.
The true test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to a defendant. What a defendant understood and how it affected his choice to plead guilty can be explored through a post-conviction relief application. An error patent review disregards actual knowledge and how it affected the decision to plead guilty.
Following habeas corpus proceedings, other courts have found that ignorance of the mandatory minimum sentence could not reasonably have affected an otherwise voluntary and intelligent decision to plead guilty. Bryant v. Cherry, 687 F.2d 48 (4th Cir.1982); State v. Bozeman, 115 N.C.App. 658, 446 S.E.2d 140 (1994).
Considering that defendant was sentenced to more than the mandatory minimum, it would appear, on the face of this record, that even if defendant was ignorant of the mandatory minimum sentence, it could not have reasonably affected his choice to plead guilty.
I respectfully dissent.