716 So.2d 485 (1998)
STATE of Louisiana
v.
Henry L. REYNOLDS.
No. 98-KA-170.
Court of Appeal of Louisiana, Fifth Circuit.
July 28, 1998.
*486 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, for plaintiff-appellee.
Katherine M. Franks, Staff Appellate Counsel, Louisiana Appellate Project, Baton Rouge, for defendant-appellant.
Before GOTHARD and DUFRESNE, JJ., and MURPHY, J. Pro Tem.
ROBERT M. MURPHY, Judge Pro Tem.
On September 11, 1997, the Jefferson Parish District Attorney filed a bill of information charging the defendant, Henry L. Reynolds, with two counts of distribution of cocaine, in violation of LSA-R.S. 40:967(A). The defendant initially pled not guilty to both of these charges.
On December 3, 1997, following plea negotiations with the state, the defendant withdrew his former pleas of not guilty and pled guilty to two counts of distribution of cocaine. The sentencing range on the charge was five *487 to thirty years. As part of the plea agreement, the state agreed not to prosecute defendant as a multiple offender. The defendant signed a document entitled "Waiver Of Constitutional Rights Plea Of Guilty", and the trial court conducted a Boykin colloquy, finding the plea to be knowingly and voluntarily entered. Thereafter, pursuant to the plea agreement, the trial judge sentenced the defendant to serve ten (10) years imprisonment at hard labor on each count, with credit for time served, the sentences to be served concurrently.
Defendant's motion for appeal was granted on December 9, 1997.
As no trial was held, the only facts available are found in the bill of information. Count One of the bill of information alleged that on May 2, 1997, the defendant knowingly or intentionally distributed a controlled dangerous substance, cocaine, in violation of LSA-R.S. 40:967 A. Count Two alleged that on May 28, 1997, the defendant knowingly or intentionally distributed a controlled dangerous substance, cocaine, in violation of LSAR.S. 40:967 A. In the waiver of rights form, the defendant admitted to both counts of distribution of cocaine.
In the present case, the defense counsel has filed a brief that follows the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh'g denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967) and discussed in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). In State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, the Supreme Court sanctioned the procedures outlined in State v. Benjamin. Subsequently this Court, in State v. Bradford, 95-929, 95-930 (La.App. 5 Cir.6/25/96), 676 So.2d 1108, noted the Louisiana Supreme Court's favorable response to the Fourth Circuit's policy regarding Anders briefs and adopted the same policy.
In the present case, applying the above procedure, letters were sent from the Clerk of this Court advising the defendant that he could file a supplemental brief, complying with Rule 2-12 of the Uniform Rules of Louisiana Courts of Appeal, with this Court by March 25, 1998. The defendant has not filed a supplemental brief.

SUFFICIENCY OF ANDERS BRIEF
In State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, the Louisiana Supreme Court revisited the procedures outlined in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir. 1990). In Jyles, the court rejected defense counsel's "conclusory" request that the court of appeal review the record for errors patent, in connection with another "conclusory" statement that after a conscientious and thorough review of the record, counsel could find no non-frivolous issues to raise. While reiterating that an Anders brief need not tediously catalog every meritless objection made, nevertheless the Anders brief must assure the court that the indigent defendant's rights have not been violated.
Counsel must demonstrate to the appellate court by full discussion and analysis that he has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant adverse impact on shaping the evidence presented to the jury for its consideration. Jyles, supra.
Jyles quoted United States v. Urena, 23 F.3d 707, 708-09 (2nd Cir.1994) which held that a naked statement that no non-frivolous issues exist, without analysis or a discussion of the record, is inadequate to fulfill counsel's obligations under Anders. Jyles emphasized:
The brief filed by counsel must review not only the procedural history of the case and the evidence presented at trial but must also provide, as did the advocate's brief in Mouton, a "detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place."
The brief submitted by defense counsel in the present case does not, on its face, appear to comport with the requirements emphasized in Jyles. We note, however, a crucial element which distinguishes this situation from Jyles, Mouton, and Benjamin. Here the matter proceeded according to a plea rather than a trial and conviction.
*488 After an independent review of the record and of appellant counsel's brief, we find that the appellant counsel adequately reviewed the procedural history of the case and the evidence presented at trial.

PATENT ERROR REVIEW
We have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983).
The present case involves a plea bargain. To be valid, a guilty plea must be entered knowingly and voluntarily, and must not be a product of coercion, intimidation or force. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Further, there must be a contemporaneous record demonstrating that the plea was voluntarily made and with a knowing waiver of the right to a trial by jury, the right to confront accusers, and the privilege against self-incrimination. State v. Seymore, 570 So.2d 176 (La. App. 5 Cir.1990); State v. Lewis, 601 So.2d 379 (La.App. 5 Cir.1992). The defendant must expressly and knowingly waive these rights, and that waiver cannot be presumed. State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). In the present case, the trial judge advised the defendant of his right to a trial by jury, his right to confront his accusers, and his right against self-incrimination. The defendant stated that he understood these rights and signed a waiver of rights form that was also signed by his attorney, and the judge.
We note however that the trial court did not inform the defendant of either the "nature of the charge" to which he was pleading, or of the mandatory minimum and maximum sentences to which he was exposed, all as required by La.Code Cr. P. art. 556.1. We find that a determination of whether the trial court complied with Code Cr. P. art 556.1, insofar as an examination of the plea colloquy is required, is within the scope of an error patent review. See State v. Godejohn, supra; State v. Ledet, 97-363 (La.App. 5 Cir.1997), 701 So.2d 1067.
La.Code Cr. P. art 556.1 was enacted and became effective August 15, 1997. That article reads as follows:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ counsel, one will be appointed to represent him.
(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.
(4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.
B. In any criminal case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement, and that the waiver of all constitutional and legal rights are knowingly and intelligently waived.
C. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the district attorney and the defendant or his attorney. If a plea agreement has been reached by the parties, the court, on the record, shall require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered.

*489 D. A verbatim record shall be made of the proceedings at which the defendant enters a plea of guilty or nolo contendere.
E. In any case where a subsequent offense carries an enhanced penalty, the court shall inform the defendant of the penalties for subsequent offenses.
(Emphasis supplied)
The comments to the article state that it clarifies the court's duty when accepting a plea of nolo contendere or a plea of guilty in a criminal case and incorporates the essence of F.R.Cr.P. 11. Further, it codifies the Louisiana Supreme Court "Jackson-Boykin three right articulation" rule (Id). As of the date of this opinion, there are no Louisiana cases which interpret article 556.1. Therefore, we turn initially to a brief examination of the federal rule upon which it is based.[1]
In United States v. Johnson, 1 F.3d 296 (5th Cir.1993) (en banc), the Fifth Circuit noted that Rule 11(h) rejects the sanction of automatic reversal, and held that all Rule 11 errors will be tested for harmless error. Despite the rejection of the automatic reversal sanction, in U.S. v. Martirosian, 967 F.2d 1036 (5th Cir.1992), a defendant pled guilty to possession of cocaine; the district court denied his motion to withdraw the plea, and the Fifth Circuit vacated the plea, reasoning as follows:
Rule 11 requires the district court, before accepting a guilty plea, to address the defendant in open court and inform him of, and determine that he understands, among other things
the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law ...
Fed.R.Crim.P. 11(c)(1) (emphasis added). During the plea hearing, the district court did not inform Martirosian of the mandatory minimum penalty (five years) provided by law for his offense. See 21 U.S.C. 841(b)(1)(B). The government concedes this, but claims harmless error pursuant to Fed.R.Crim.P. 11(h).
Rule 11 is intended to ensure that a defendant makes an informed and voluntary plea. The rule, as interpreted by this court, addresses three "core concerns": "(1) whether the guilty plea was coerced; (2) whether the defendant understands the nature of the charges; and (3) whether the defendant understands the consequences of the plea." United States v. Adams, 961 F.2d 505, 510 (5th Cir.1992); see also *490 United States v. Bachynsky, 934 F.2d 1349, 1354 (5th Cir.) (en banc), cert. denied, 502 U.S. 951, 112 S.Ct. 402, 116 L.Ed.2d 351 (1991). A complete failure of the district court to address any one of these concerns when accepting a plea requires reversal. Rule 11(h)'s harmless error analysis is inapplicable. Adams, 961 F.2d at 510-11; United States v. Pierce, 893 F.2d 669, 679 (5th Cir.1990). A merely inadequate or "less than letter perfect" treatment of a core concern, however, is reviewed for harmless error. Bachynsky, 934 F.2d at 1354; see also Adams, 961 F.2d at 510-11.
The core concern in issue is whether Martirosian understood the consequences of his plea. The district court's failure to inform Martirosian of, and determine that he understood, the mandatory minimum sentence "went to the heart of this requirement". Pierce, 893 F.2d at 679. Indeed, one of Rule 11's objectives "is to insure that a defendant knows what minimum sentence the judge must impose". Fed. R.Crim.P. 11 advisory committee's note (1974 amend.) (emphasis added). The failure to advise Martirosian of the minimum mandatory sentence was a complete failure to address a Rule 11 core concern, mandating that the plea be set aside.
The Fifth Circuit, in U.S. v. Watch, 7 F.3d 422 (5th Cir.1993) considered the case of a defendant who pled pursuant to a plea agreement which did not include a specific sentence. After sentencing, defendant appealed on the grounds that the court violated Rule 11(c)(1) by accepting his plea without first properly informing him as to the mandatory minimum penalty for the offense with which he was charged. Citing U.S. v. Johnson, supra (footnote 1), the court stated that:
... reversal and vacatur will be required whenbut only whenthe challenged "variance from the procedures required by [Rule11] ... affect[s] substantial rights" of the defendant. In other words, when an appellant claims that a district court has failed to comply with Rule 11, we shall conduct a straightforward, two-question "harmless error" analysis: (1) did the sentencing court in fact vary from the procedures required by Rule 11, and (2) if so, did such variance affect substantial rights of the defendant?
In Watch, the court concluded that when the court failed to advise the defendant that he might be subject to certain statutorily required minimum sentences, such error mislead defendant as to the minimum term of imprisonment to which he subjected himself by pleading guilty and amounted to a complete failure to address the plea consequences concern of Rule 11. The court also found that because the district court failed to inform him of the minimum penalty, defendant did not fully understand the consequences of his plea and therefore his rights were substantially violated.
Prior to the existence of article 556.1, Louisiana courts considered the requirement of apprising a defendant of the possible sentence to which he exposes himself on entering a guilty plea. In State v. Washington, 406 So.2d 191 (La.1981), the court noted that the United States Supreme Court in Boykin advised that the trial court conduct an onthe-record examination of the defendant which should include an attempt to satisfy itself that the defendant understands, among other things, the nature of the charge against him and the permissible range of sentences for the charge. In State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982), our Supreme Court stated that while it is important to explain to the accused the elements of the offenses with which he is charged and the rights he is waiving by pleading guilty thereto, it is probably much more important to the defendant's decision (about whether to plead guilty) that he understand the maximum penalty exposure.
Louisiana's Second Circuit Court of Appeal has held in a long line of cases that a plea is patently deficient and will not be considered voluntarily and knowingly entered where the court failed to adequately or properly inform the defendant of the possible range of sentences. See e.g., State v. Garth, 622 So.2d 1189 (La.App. 2 Cir.1993); State v. Williams, 554 So.2d 139 (La.App. 2 Cir.1989). In State v. Mitchell, 561 So.2d 819 (La.App. 2 Cir.1990), the court conditionally vacated the guilty plea where the record did not *491 affirmatively show that the defendant was advised of the range of penalties. A panel of this court, in State v. Ledet, supra, held that it was error patent for the trial court to misrepresent the maximum sentencing exposure to defendant and we vacated the plea.
The present matter involves a complete absence of discussion of the sentencing range on the record, unlike Ledet and most of the other cases which involve an incorrect or incomplete colloquy. Nevertheless, the principle underlying all of these cases is the samethat is, the core concern is whether a defendant understands the consequences of his plea. We hold that Code Cr. P. art. 556.1 now requires a showing on a patent error review that the court informed the defendant of the mandatory minimum and maximum sentences for the offense with which a defendant is charged. We further hold that the failure of the trial court in the present case to so inform the defendant of, and determine that he understood, the mandatory minimum and maximum sentences, goes to the heart of the requirement that the defendant understood the consequences of his plea and was patent error. U.S. v. Martirosian, supra.
Whether the defendant understands the nature of the charges is another core concern. U.S. v. Martirosian, supra. Our Supreme Court stated in State ex rel. Halvorsen v. Blackburn, 388 So.2d 806 (La.1980):
... the accused stands convicted by his admission of guilt. If that admission did not encompass every element of the crime, the guilty plea cannot be considered voluntary in the constitutional sense. As the United States Supreme Court declared in Henderson v. Morgan, 426 U.S. 637, 645, 96 S.Ct. 2253, 2257-2258, 49 L.Ed.2d 108 (1976), "(a)nd clearly (a plea cannot) be voluntary in the sense that it constitute(s) an intelligent admission that he committed the offense unless the defendant receive(s) `real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'
In State v. Barrio, 608 So.2d 641 (La.App. 5 Cir.1992), we stated:
While an understanding of the Boykin triad of rights may be the sine qua non for the acceptance of a guilty plea, the mere recitation of those rights does not always insure the intelligent and voluntary nature of the plea. Other factors may have a bearing on the validity of the plea. State v. Halsell, 403 So.2d 688 (La.1981); State v. Graham, 513 So.2d 419 (La.App. 2nd Cir.1987). As explained in State v. Graham, supra at 421-2:
A trial court's on-the-record examination, especially of an uncounseled defendant, should include an attempt to satisfy itself that the defendant understands the nature of the charge, the acts sufficient to constitute the offense with which he is charged, and the statutorily permissible range of sentence.
A guilty plea may be involuntary either because the record does not show the accused understands the nature of the constitutional protection he is waiving, or the accused has an incomplete understanding of the charge. Under such circumstances the plea cannot stand as an intelligent admission of guilt.
In the present case, there is a complete absence of any discussion with the defendant regarding the nature of the crime, its elements, or the underlying facts relative to the charge against him. The only reference to the crime was made by defense counsel at the beginning of the colloquy, at which time he stated that defendant was charged with two counts of violation of R.S. 40:967(A), distribution of cocaine. We find that this statement is inadequate to show that the defendant understood the nature of the charges against him.
In the cases determined prior to the enactment of article 556.1, the burden has been upon the defendant to establish that his lack of knowledge of the elements resulted in his unawareness of the essential nature of the offense to which he is pleading. See State v. Barrio, supra; State v. Bowick, 403 So.2d 673 (La.1981). In those cases the defendants assigned as error the failure of the trial court to inform them of the nature of the charge.
Nevertheless, we hold today that Code Cr. P. art. 556.1 now requires a showing, on a patent error review, that the court *492 informed the defendant of the nature of the charge to which he is pleading and that the failure of the trial court in the present case to so inform the defendant of the nature of the charge to which he was pleading was patent error.
Even so, we do not hold that failure to so inform the defendant in the colloquy is always reversible error fatal to the plea. The due process requirement can be satisfied by an explanation from another source. In some cases, the record may support the conclusion that the core concerns of the understanding of the defendant of the nature and consequences of his plea have been met. In State v. Halsell, 403 So.2d 688 (La.1981), the Supreme court relied on the written assertion of defense counsel that he had informed defendant of his constitutional rights.[2]
The plea in Barrio, supra, was upheld because the court was able to determine from the record that the defendant was adequately advised of the substance of the charge against him. See also State v. Cassels, 27,227 (La.App. 2 Cir. 2/28/96), 669 So.2d 715; State v. Whitaker, 543 So.2d 1073 (La.App. 2 Cir.1989). For federal cases interpreting Rule 11, see e.g. U.S. v. Gomez-Cuevas, 917 F.2d 1521 (10th Cir.1990); U.S. v. Mitchell, 58 F.3d 1221 (7th Cir.1995). As the court stated in Mitchell:
"As a rule, noncompliance with Rule 11 constitutes reversible error in this circuit. However, literal compliance is not necessary." United States v. Peden, 872 F.2d 1303, 1306 (7th Cir.1989). In reviewing Rule 11 proceedings for compliance, we do not give "`Rule 11 such a crabbed interpretation that ceremony [is] exalted over substance.'" "[T]he test for reversal on appeal is `whether, looking at the total circumstances surrounding the plea, the defendant was informed of his or her rights.'" United States v. DeCicco, 899 F.2d 1531, 1534 (7th Cir.1990). (internal citations omitted.) ...
In United States v. Bachynsky, 934 F.2d 1349, 1354 (5th Cir.) (en banc), cert. denied, 502 U.S. 951, 112 S.Ct. 402, 116 L.Ed.2d 351 (1991), it was explained that when an omission occurs in the plea colloquy, such will be evaluated (analyzing the entire record) under a harmless error standard focusing on whether the defendant's substantive rights were affected.
The record before us is bare of any information which would allow us to conscientiously conclude that no substantive rights of the defendant were affected. There is a brief reference by the trial judge that he "discussed the matter with [defendant's] lawyer at a pretrial conference this morning and (sic) well as with the State's attorney, and I think the following sentence meets the guidelines..." The waiver of rights form signed by defendant and his counsel do not refer to or satisfy these elements.
The record is devoid of any evidence that either defense counsel, the trial court, the State's attorney, or anyone else discussed the nature of the crime or the sentencing exposure with defendant. Under these circumstances, we are bound to hold that the omissions in the Article 556.1 colloquy are reversible error requiring vacatur of the plea.
We appreciate the dilemma of the district judges, state's attorneys and indigent defenders in present day courtrooms; the mountainous caseloads, the multiplicity of defendants, and the myriad pleadings demand the establishment of a streamlined process. We approve of the language in U.S. v. Mitchell, supra:
Docket-bound district judges are not required to engage in a certain litany to be *493 graded on appeal for the semantics chosen or omitted. However, district judges do have fundamental obligations of substance that go far beyond form under Rule 11. It is critically important not only to ensure that a defendant personally understands the penalties, including mandatory minimum penalties, but that a record is made to demonstrate that fact clearly.
The Seventh Circuit in Mitchell, citing McCarthy v. United States, 394 U.S. 459, 468, 470, 89 S.Ct. 1166, 1172, 1173, 22 L.Ed.2d 418 (1968) suggested that we not worship at the altar of ritual in this regard, but deal with "matters of reality." We agree. However, protection of the substantive rights of defendants also requires a more complete effort on the part of the courts, the State and the defense counsel than is demonstrated in the proceedings before us.

DECREE
For the foregoing reasons, the conviction and sentence are vacated, and the matter is remanded to the trial court for further proceedings in accordance with this opinion. Defense counsel's motion to withdraw is denied at this time.
CONVICTION AND SENTENCE VACATED; REMANDED.
NOTES
[1] F.R. Cr.P. reads in pertinent part:

(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances, and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense; and
(2) if the defendant is not represented by an attorney, that the defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant; and
(3) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and crossexamine adverse witnesses, and the right against compelled self-incrimination; and
(4) that if a plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind, so that by pleading guilty or nolo contendere the defendant waives the right to a trial; and
(5) if the court intends to question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant has pleaded, that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.
(d) Insuring That the Plea is Voluntary. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or the defendant's attorney.
[2] The court stated in Halsell:

Any other holding by this court would tend to undermine the relationship of trust that must necessarily exist between the bench and bar. Defense counsel was duty bound by the Canons of Ethics to give a full and honest disclosure of the facts essential to the guilty plea; he was forbidden to misrepresent the truth. See DR 7-102(A)(3)(5) and (6). We cannot find, on the record before us, that counsel betrayed that trust. Defense counsel specifically avowed that he had informed his client of the three basic rights waived by a plea of guilty, and that he was satisfied that his client understood those rights. The signed statement by defense counsel distinguishes this case from the cases cited above, where the record did not affirmatively show that either the judge or an attorney had explained a defendant's rights to him.