733 So.2d 612 (1999)
STATE of Louisiana, Appellee,
v.
Jerry Lynn STILES, Appellant.
No. 31,854-KA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1999.
Opinion on Grant of Rehearing May 27, 1999.
*613 Charles Jacobs, Indigent Defender Board, Counsel for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Whitley R. Graves, Joseph Gregorio, Assistant District Attorneys, Counsel for Appellee.
Before BROWN, GASKINS and PEATROSS, JJ.
GASKINS, J.
The defendant, Jerry Lynn Stiles, was originally charged by bill of information with two counts of aggravated incest with his minor daughter, in violation of La. R.S. 14:78.1. He pled guilty to those charges and received consecutive sentences of 20 years at hard labor. The defendant now appeals his sentences as excessive. For the reasons assigned below, we affirm the defendant's convictions and sentences.

FACTS
Over a period of several years, the defendant engaged in improper sexual relations with his biological daughter (date of birth 8/1/84), beginning when she was approximately 11 or 12 years old. When confronted, the defendant admitted his conduct. He specifically stated that he had sexual intercourse with the child 15 times and oral sex two or three times.
Charged with two counts of aggravated incest, the defendant pled guilty. In exchange for his plea, the prosecution agreed to dismiss an unrelated charge of issuing worthless checks. The state also agreed to terminate an ongoing investigation which sought to determine whether charges of aggravated rape were appropriate in the instant case. The defendant received consecutive sentences of 20 years at hard labor. Under La. R.S. 15:537, the trial court denied the defendant eligibility for diminution of sentence for good behavior. His timely motion for reconsideration of sentence was denied.

ERROR PATENT
We note that the trial court failed to comply with the provisions of La.C.Cr.P. art. 556.1 during the defendant's guilty plea. Specifically, the trial court failed to inform the defendant of the mandatory minimum penalty for the offense of aggravated incest, i.e., five years. However, we find that, in a case like the present one, where the defendant received the maximum term of imprisonment, such an error is harmless. Additionally, the defendant does not assert nor does the record reveal that the plea was entered unknowingly or involuntarily. Consequently, we find no reversible error.

EXCESSIVE SENTENCES
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). The trial court is not required to list every aggravating and mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. State v. Smith, supra. The articulation of the factual basis for the sentence is the goal of La. C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982). The sentencing record should reflect that the trial judge considered not only the seriousness of the crime and the past criminal history of the defendant, but also the defendant's personal history (including age, mental status, dependents, family ties, employment record, and health) and the potential for rehabilitation. State v. Quebedeaux, 424 So.2d 1009 (La.1982).
*614 The second prong of the inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 (1974) if it is considered grossly disproportionate to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Barnes, 28,835 (La. App.2d Cir.12/11/96), 685 So.2d 1148, writ denied, 97-0274 (La.10/10/97), 703 So.2d 602. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. The court of appeal will not set aside a sentence as excessive absent a showing of manifest abuse of discretion. State v. Barnes, supra.
In the instant case, the trial court adequately complied with the provisions of La.C.Cr.P. art. 894.1. The court noted that the defendant committed very serious offenses which were bound to have a severe effect on the victim, who was particularly vulnerable to his actions. The court further found that the defendant used his position as the victim's father to facilitate his crimes. There was no excuse or justification for the offenses. The court found that the defendant needed correctional treatment. In mitigation, the court found that the defendant had no prior criminal record.
As to the second prong of the test, we do not find that the sentences imposed amount to a purposeless and needless infliction of pain and suffering. The defendant, a mature adult, took advantage of his paternal relationship with his biological child. He engaged in sexual relations with this child on a number of occasions over a substantial period of time without any regard as to the effect of his actions on this vulnerable young victim.
Based on the above, we find that the defendant's sentences are not excessive.

CONCLUSION
The defendant's convictions and sentences are affirmed.
AFFIRMED.
PEATROSS, J., dissents with written reasons.
PEATROSS, J., dissenting.
I respectfully dissent.
The transcript of the defendant's March 1998 guilty plea reflects that the trial court did not advise the defendant that the mandatory minimum penalty for the offense of aggravated incest was five years.
A guilty plea must be the free and voluntary choice of a defendant. State v. Garth, 622 So.2d 1189 (La.App. 2d Cir. 1993). A valid guilty plea requires a showing that the defendant was informed of and waived his constitutional rights of trial by jury and confrontation and the privilege against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971); State v. Monroe, 25,825 (La.App.2d Cir.3/30/94), 635 So.2d 481.
In order for a guilty plea to be voluntarily and knowingly entered, the trial court must apprise a defendant of any mandatory minimum penalty and the maximum possible penalty for the offense to which he pled guilty. La.C.Cr.P. art. 556.1; State v. Anderson, 30,901 (La. App.2d Cir.8/19/98), 720 So.2d 355; State v. Clay, 30,770 (La.App.2d Cir.5/13/98), 714 So.2d 123; State v. Garth, supra. The requirement of such advice includes the defendant's understanding of both the maximum and minimum sentence he faces by pleading guilty and any other direct sentencing consequences resulting from his plea. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Cassels, 27,227 (La.App.2d Cir.2/28/96), 669 So.2d 715, 717 and cases cited therein.
*615 La.C.Cr.P. art. 556.1 provides, in pertinent part:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. (Emphasis added.)
The above language is mandatory and was in effect in March 1998 when the defendant entered his guilty plea. Unlike the majority, I do not believe that the failure of the trial court to advise the defendant of the mandatory minimum penalty of five years is harmless. Accordingly, I would vacate the guilty plea and sentence and remand the case to the district court for further proceedings according to law.
BEFORE: NORRIS, C.J., and BROWN, WILLIAMS, STEWART, GASKINS, CARAWAY, PEATROSS, KOSTELKA and DREW, JJ.

ON REHEARING
EN BANC.
The defendant, Jerry Lynn Stiles, was originally charged by bill of information with two counts of aggravated incest with his minor daughter, in violation of La.R.S. 14:78.1. He pled guilty to those charges and received consecutive sentences of 20 years at hard labor. The defendant now appeals his sentences as excessive. For the reasons assigned below, we affirm the defendant's convictions and sentences.

FACTS
Over a period of several years, the defendant engaged in improper sexual relations with his biological daughter (date of birth 8/1/84), beginning when she was approximately 11 or 12 years old. When confronted, the defendant admitted his conduct. He specifically stated that he had sexual intercourse with the child 15 times and oral sex two or three times.
Charged with two counts of aggravated incest, the defendant pled guilty. In exchange for his plea, the prosecution agreed to dismiss an unrelated charge of issuing worthless checks. The state also agreed to terminate an ongoing investigation which sought to determine whether charges of aggravated rape were appropriate in the instant case. The defendant received consecutive sentences of 20 years at hard labor. Under La.R.S. 15:537, the trial court denied the defendant eligibility for diminution of sentence for good behavior. His timely motion for reconsideration of sentence was denied.

ERROR PATENT
We note that the trial court failed to comply with the provisions of La. C.Cr.P. art. 556.1 during the defendant's guilty plea. Specifically, the trial court failed to inform the defendant of the mandatory minimum penalty for the offense of aggravated incest, i.e., five years. However, we find that, in a case like the present one, where the defendant received the maximum term of imprisonment, such an error is harmless. Additionally, the defendant does not assert nor does the record reveal that the plea was entered unknowingly or involuntarily. Consequently, we find no reversible error.

EXCESSIVE SENTENCES
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). The trial court is not required to list every aggravating and mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. State v. Smith, supra. The articulation of the factual basis for the sentence is the goal of *616 La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982). The sentencing record should reflect that the trial judge considered not only the seriousness of the crime and the past criminal history of the defendant, but also the defendant's personal history (including age, mental status, dependents, family ties, employment record, and health) and the potential for rehabilitation. State v. Quebedeaux, 424 So.2d 1009 (La.1982).
The second prong of the inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 (1974) if it is considered grossly disproportionate to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Barnes, 28,835 (La. App.2d Cir.12/11/96), 685 So.2d 1148, writ denied, 97-0274 (La.10/10/97), 703 So.2d 602. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. The court of appeal will not set aside a sentence as excessive absent a showing of manifest abuse of discretion. State v. Barnes, supra.
In the instant case, the trial court adequately complied with the provisions of La.C.Cr.P. art. 894.1. The court noted that the defendant committed very serious offenses which were bound to have a severe effect on the victim, who was particularly vulnerable to his actions. The court further found that the defendant used his position as the victim's father to facilitate his crimes. There was no excuse or justification for the offenses. The court found that the defendant needed correctional treatment. In mitigation, the court found that the defendant had no prior criminal record.
As to the second prong of the test, we do not find that the sentences imposed amount to a purposeless and needless infliction of pain and suffering. The defendant, a mature adult, took advantage of his paternal relationship with his biological child. He engaged in sexual relations with this child on a number of occasions over a substantial period of time without any regard as to the effect of his actions on this vulnerable young victim.
Based on the above, we find that the defendant's sentences are not excessive.

CONCLUSION
The defendant's convictions and sentences are affirmed.
AFFIRMED.
CARAWAY and KOSTELKA, JJ., concur with written reasons.
PEATROSS, J., dissents with written reasons.
NORRIS, C.J., and WILLIAMS and STEWART, JJ., dissent for the reasons assigned by PEATROSS, J.
CARAWAY, J., concurring.
At the plea proceeding in this case, the assistant district attorney and defendant's counsel first confirmed to the court that the plea of the defendant was entered in part to avoid the possibility of the state pursuing an aggravated rape charge which would subject defendant to a life sentence. The defendant was then advised by the trial court that the maximum sentence for each of the two counts of the crime of aggravated incest could be twenty years and that the sentences on both counts could run consecutively. The defendant pled guilty while acknowledging this understanding *617 of the maximum sentence exposure which he ultimately received. If the defendant might now assert that he also believed that he could be sentenced to less than five years on each count, his guilty plea would be in no way diminished or made unintelligent by that mistaken belief. When he voluntarily and knowingly exposes himself to the maximum sentence and receives it, misinformed hopes of a minimum sentence become irrelevant.
These are the specific facts of this case, and my ruling on the violation of La. C.Cr.P. art. 556.1 is that harmless error occurred in this situation. Both Article 556.1 and Article 921 of the Criminal Code have the mandatory "shall not" language. I am willing to take each case under Article 556.1, particularly in the vacuum of error patent review, one at a time to judge under Article 921 whether a substantial right is affected.
KOSTELKA, J., concurring.
La.C.Cr.P. art. 920 defines the scope of appellate review including a review for the so-called "error patent." However, it must be read with the caveat of La.C.Cr.P. art. 921, i.e., that a judgment shall not be reversed because of a defect which does not substantially affect the rights of an accused. While La.C.Cr.P. art. 556.1A(1) provides that a court shall inform an accused of any statutory, mandatory minimum sentence and the maximum possible sentence, it does not declare that failure to do so automatically negates any plea or sentence. Therefore, La.C.Cr.P. art. 921 still applies to the appellate review of compliance with La.C.Cr.P. art. 556.1.
The jurisprudence is replete with cases requiring remand or vacatur when an accused is not informed of a maximum possible or mandated sentence; that he is ineligible for parole; or that he is subject to a mandated minimum sentence. However, the failure to inform an accused of the low end of a sentence range only affects the rights of the accused substantially when he is in fact sentenced to said minimum or, under the particular facts, when the accused would not have pled, or it may be presumed that he may not have pled, if he had indeed known of the required minimum sentence. Appellate courts err if they pedantically apply La.C.Cr.P. art. 556.1 or assume that a plea is not voluntarily or knowingly entered without first examining whether such a failure has any affect or bearing on the defendant's choice to plead.
In the instant matter, Stiles pled guilty, as charged, to two counts of aggravated incest after being informed of all his Boykin rights and that he could be sentenced to twenty years consecutively on each count. He received that sentence. He appeals only the excessiveness of that sentence. This court, in State v. Nicholas, 30,104-KA (La.App.2d Cir.12/10/97), 704 So.2d 930, held that it was the defendant's burden to show that lack of knowledge of a minimum sentence affected his choice to such an extent that his guilty plea was not free and voluntary. Here, Stiles has not even attempted to do that. There is no error patent here which substantially affects defendant's rights.
I respectfully concur.
PEATROSS, J., dissenting.
I respectfully dissent. La.C.Cr.P. art. 556.1 provides, in pertinent part:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. (Emphasis added.)
The above language is mandatory and was in effect in March 1998 when Defendant entered his guilty plea. A review of the record of Defendant's March 1998 guilty *618 plea reveals that the trial court failed to advise Defendant that the statute carries a mandatory minimum sentence of five years of imprisonment for aggravated incest.
Deficiencies in the guilty plea colloquy are errors patent and the reviewing court is bound to recognize them. La.C.Cr.P. art. 920; State v. Clay, 30,770 (La.App.2d Cir.5/13/98), 714 So.2d 123. As such, a determination of whether the trial court complied with article 556.1 is within the scope of an error patent review. State v. Godejohn, 425 So.2d 750 (La.1983); State v. Reynolds, 98-170 (La.App. 5th Cir.7/28/98) 716 So.2d 485. It was, therefore, error patent for the trial court to fail to advise Defendant of the mandatory minimum sentence required by the statute of conviction.
On the issue of whether this error was harmless, it is critical to note that article 556.1 is the legislative codification of a defendant's Boykin rights on his entering a plea of guilty or nolo contendere. It follows, therefore, that the legislature's addition of 556.1(A)(1), regarding advice of sentencing range, elevated that right to the status our courts have consistently afforded the Boykin trilogy, i.e., failure to properly "Boykinize" a defendant is reversible error. See State v. Arnold, 30,282 (La.App.2d Cir.1/21/98), 706 So.2d 578. Moreover, the legislature specifically states, in 556.1(A), that "the court shall not accept a plea of guilty ... without first... informing him of, and determining that he understands" the mandatory minimum and maximum penalties by law. The trial court's failure to comply with the mandate of 556.1 renders the guilty plea invalid and clearly constitutes reversible error patent.
In addition to the legislative mandate of article 556.1, Louisiana jurisprudence supports a finding of reversible error in the instant case. A guilty plea must be the free and voluntary choice of a defendant. State v. Garth, 622 So.2d 1189 (La.App. 2d Cir.1993). In order for a guilty plea to be voluntarily and knowingly entered, the trial court must apprise a defendant of any mandatory minimum penalty and the maximum possible penalty for the offense to which he pled guilty. La.C.Cr.P. art. 556.1; State v. Clay, supra; State v. Garth, supra; State v. Reynolds, supra. The requirement of such advice includes the defendant's understanding of both the maximum and minimum sentence he faces by pleading guilty and any other direct sentencing consequences resulting from his plea. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Hill, 30,552 (La.App.2d Cir.5/13/98), 714 So.2d 814; State v. Cassels, 27,227 (La.App.2d Cir.2/28/96), 669 So.2d 715 and cases cited therein; State v. Reynolds, supra.
For these reasons, I would vacate Defendant's guilty plea, set aside his conviction and sentence and remand the case to the trial court for further proceedings according to law.