11 PEATROSS, J.
Defendant, Sandra R. Lofton, was charged with possession with intent to distribute and distribution of marijuana in violation of La. R.S. 40:966(A). Pursuant to a plea agreement with the State, Defendant pled guilty to one count of distribution in exchange for the State’s agreement to dismiss the charge of possession. The trial court sentenced Defendant to serve five years at hard labor. Defendant’s timely motion to reconsider was denied by the trial court. On appeal, Defendant argues that her sentence is excessive. Noting error patent in the guilty plea colloquy, we vacate the guilty plea, set aside the conviction and sentence and remand for further proceedings.

DISCUSSION

Review of the guilty plea colloquy reveals that the trial court failed to advise Defendant of the mandatory minimum sentence to which she was exposed under La. R.S. 40:966, the statute of conviction. Distribution of marijuana carries a penalty range of not less than 5 years nor more than 30 years and a fine of not more than $50,000.
La.C.Cr.P. art. 556.1 provides, in pertinent part:
*903 A. In any criminal case, the court shall not accept a plea of guilty or nolo con-tendere, -without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following;
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. (Emphasis added.)
The above language is mandatory and was in effect when Defendant entered her guilty plea. We find that the trial court’s failure to comply with the mandate of article 556.1 is reversible error patent.[1]
| ¡.Deficiencies in the guilty plea colloquy are errors patent and the reviewing court is bound to recognize them. La. C.Cr.P. art. 920; State v. Clay, 30,770 (La.App.2d Cir.5/13/98), 714 So.2d 123. As such, a determination of whether the trial court complied with article 556.1 is within the scope of an error patent review. State v. Godejohn, 425 So.2d 750 (La.1988); State v. Reynolds, 98-170 (La.App. 5th Cir.7/28/98), 716 So.2d 485. It was, therefore, error patent for the trial court to fail to advise Defendant of the mandatory minimum sentence required by the statute of conviction.
Furthermore, the trial court’s failure to comply with article 556.1 is reversible error.[2] Article 556.1 is the legislative codification of a defendant’s Boykin rights on his entering a plea of guilty or nolo contendere. It follows, therefore, that the legislature’s addition of 556.1(A)(1), regarding advice of sentencing range, elevated that right to the status our courts have consistently afforded the Boykin trilogy, i.e., failure to properly “Boykinize” a defendant is reversible error. See State v. Arnold, 30,282 (La.App.2d Cir.1/21/98), 706 So.2d 578). Moreover, the legislature specifically states, in 556.1(A), that “the court shall not accept a plea of guilty ... without first ... informing him of, and determining that he understands” the mandatory minimum and maximum penalties by law. The trial court’s failure to comply with the mandate of 556.1 renders the guilty plea invalid and clearly constitutes reversible error patent.
| ^DECREE
For the reasons stated herein, Defendant’s guilty plea is vacated, her conviction and sentence are set aside and the matter is remanded to the trial court for further proceedings.
GUILTY PLEA VACATED; CONVICTION AND SENTENCE SET ASIDE; REMANDED FOR FURTHER PROCEEDINGS.
CARAWAY, J., concurs in the result.

. In a recent en banc decision, rendered on May 27, 3999, this court addressed the application of article 556.1 to situations where the trial court fails to advise a defendant of the mandatory minimum sentence. See State v. Stiles, 31,854 (La.App.2d Cir.2/24/99), 733 So.2d 612. The breakdown of this court, in Stiles, was as follows: four judges opined that the language of article 556.1 is mandatory and, therefore, noncompliance with the article is reversible error; three judges would apply a harmless error analysis where there is noncompliance by the trial court; and two judges would examine noncompliance with the article on a case-by-case basis.

. While we find that the trial court’s error is not subject to a harmless error analysis, we note that there is evidence in the record that Defendant did not understand the minimum sentence to which she was exposed. During the guilty plea colloquy. Defense counsel agreed that he had told Defendant she had a 99% chance of receiving a probated sentence.