I .PEATROSS, J.
Defendant, Janet H. Counts, pled guilty to one count of simple burglary, a violation of La. R.S. 14:62. The State dismissed the charge of contributing to the delinquency of a minor, a violation of La. R.S. 14:92. Defendant was sentenced to serve four years imprisonment and ordered to make restitution for the items taken in the burglary and the damage occasioned to the store. Defendant now appeals that sentence. Noting error patent in the guilty plea colloquy, we are constrained to vacate the guilty plea and conviction, set aside the sentence and remand the matter for further proceedings.
*618 The entry of a guilty plea must be a free and voluntary choice on the part of a defendant. State v. Garth, 622 So.2d 1189 (La.App. 2d Cir.1993). The defendant must be informed of and waive his constitutional rights of trial by jury, confrontation and the privilege against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971); State v. Monroe, 25,825 (La.App.2d Cir.3/30/94), 635 So.2d 481. The defendant must also be informed of any mandatory minimum penalty and the maximum possible penalty. La.C.Cr.P. art. 556.1; State v. Garth, supra. La.C.Cr.P. art. 556.1 provides, in pertinent part:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. (Emphasis added).
The above language is mandatory.
The penalty for simple burglary is a possible fíne of not more than two thousand dollars, imprisonment with or without hard labor for not more than ^twelve years or both. La. R.S. 14:62. The record fails to reflect that either the trial judge or Defendant’s counsel advised Defendant of the maximum sentence to which she was exposed by her guilty plea. We do not find this to be harmless error.
Deficiencies in the guilty plea colloquy are errors patent and the reviewing court is bound to recognize them. La. C.Cr.P. art. 920; State v. Clay, 30,770 (La.App.2d Cir.5/13/98), 714 So.2d 123. As such, a determination of whether the trial court complied with La.C.Cr.P. art. 556.1 is within the scope of an error patent review. State v. Godejohn, 425 So.2d 750 (La.1983); State v. Reynold, 98-170 (La. App. 5th Cir.7/28/98), 716 So.2d 485. Moreover, the legislature specifically states, in La.C.Cr.P. art. 556.1(A), that “the court shall not accept a plea of guilty ... without first ... informing him of, and determining that he understands” the mandatory minimum and maximum penalties by law. The trial court’s failure to comply with the mandate of 556.1 renders the guilty plea invalid and clearly constitutes reversible error patent.[1]
We further note error patent in the sentencing. Restitution may only be ordered as a condition of probation when the trial court suspends the imposition or execution of sentence. La.C.Cr.P. art. 895A(7) and 895.1A(1); State v. Frith, 561 So.2d 879 (La.App. 2d Cir.1990), writ denied, 571 So.2d 625 (La.1990).
IsDECREE
For the foregoing reasons, the guilty plea and conviction of Defendant, Janet H. Counts, are vacated, the sentence is set aside and the matter is remanded for further proceedings.
GUILTY PLEA AND CONVICTION VACATED, SENTENCE SET ASIDE; REMANDED FOR FURTHER PROCEEDINGS.
DREW, J., dissents with written reasons.

. In a recent en banc decision, rendered on May 27, 1999, this court addressed the application of article 556.1 to situations where the trial court fails to advise a defendant of the mandatory minimum sentence. See State v. Stiles, 31,854 (La.App.2d Cir.5/27/99), 733 So.2d 612. The breakdown of this court, in Stiles, was as follows: four judges opined that the language of article 556.1 is mandatory and, therefore, noncompliance with, the article is reversible error; three judges would apply a harmless error analysis where diere is noncompliance by the trial court; and two judges would examine noncompliance with the article on a case-by-case basis.