h STEWART, J.
The state charged the defendant, Rush Lewis, Jr., with two counts of distribution of cocaine, a violation of La. R.S. 40:967, but agreed to dismiss one count in exchange for the defendant’s guilty plea to the other. The trial court imposed a sentence of thirty years at hard labor, the first five of which must be served without benefit of parole, probation or suspension of sentence, and denied a timely motion for reconsideration- of sentence. The defendant appeals his sentence as excessive. We vacate the defendant’s guilty plea, set aside the conviction and sentence and remand for further proceedings.
FACTS/PROCEDURAL HISTORY
On January 14 and 17, 1998, respectively, the defendant made two sales of crack cocaine to an undercover narcotics agent from his home in Minden. Both transactions were recorded on audio and video. On January 30, 1998, a Grand Jury Indictment was filed and the defendant was charged with two counts of distribution of cocaine. On March 2, 1998, the defendant entered a plea of not guilty to each of these charges. On May 22, 1998, the defendant withdrew his former not guilty plea with regard to count one of the indictment and entered a plea of guilty as charged to that offense with the understanding that count 2 of the indictment would be dismissed in exchange for that guilty plea. Following the defendant’s guilty plea, the trial court imposed the maximum possible sentence.
ERROR PATENT
The statute of conviction, La. R.S. 40:967, provides that the minimum mandatory sentence of five years must be served without benefit, and the maximum possible penalty is thirty years, with a stipulation that the first five years, likewise, must be served without benefit.
A guilty plea must be the free and voluntary choice of a defendant. State v. Garth, 622 So.2d 1189 (La.App. 2d Cir. 1993). A valid guilty plea requires a | ^showing that the defendant was informed of and waived his constitutional rights of trial by jury and confrontation and the privilege against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State *916 ex rel. Jackson v. Henderson, 260 La. 90, 265 So.2d 85 (1971); State v. Monroe, 25,-825 (La.App.2d Cir.3/30/94), 635 So.2d 481.
In order for a guilty plea to be voluntarily and knowingly entered, the trial court must apprise a defendant of any mandatory minimum penalty and the maximum possible penalty for the offense to which he pled guilty. La.C.Cr.P. art. 556.1; State v. Anderson, 30,901 (La.App.2d Cir.8/19/98), 720 So.2d 355; State v. Clay, 30,770 (La.App.2d Cir.5/13/98), 714 So.2d 123; State v. Garth, supra. The requirement of such advice includes the defendant’s understanding of both the maximum and minimum sentence he faces by pleading guilty and any other direct sentencing consequences resulting from his plea. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Cassels, 27,227 (La.App.2d Cir.2/28/96), 669 So.2d 715, 717 and cases cited therein.
La.C.Cr.P. art. 556.1 provides, in pertinent part:
A. In any criminal case, the court shall not accept a plea of guilty or nolo con-tendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
For guilty pleas entered after Aug. 15, 1997, La.C.Cr.P. art. 556.1 requires the trial court, prior to accepting a guilty plea, to inform the defendant of the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. A trial court’s failure to advise the accused of a mandatory minimum penalty is cognizable as error patent and requires reversal of |sthe underlying conviction and sentence. State v. Lofton, 32,168 (La.App.2d Cir.6/16/99), 742 So.2d 902.
During the guilty plea colloquy the trial court advised the defendant that there was a mandatory five year minimum sentence and a 30 year maximum sentence. However, the trial court failed to mention that the statutory minimum sentence requires the first five years to be served without benefit and it failed to advise that the maximum possible penalty requires the first five years to be served without benefit. The above language of La.C.Cr.P. art. 556.1 was in effect at the time the defendant entered his guilty plea. Therefore, we find that the trial court’s failure to fully advise the defendant of the mandatory minimum penalty and the maximum possible penalty constitutes reversible error.
Due to oúr reversal of defendant’s guilty plea and sentence, we pretermit discussion of the defendant’s assignment of errors regarding excessiveness and the trial court’s compliance with La.C.Cr.P. art. 894.1.
CONCLUSION
For the reasons stated herein, the defendant’s guilty plea is vacated, his conviction and sentence are set aside and this matter is remanded for further proceedings.
GUILTY PLEA VACATED; CONVICTION AND SENTENCE SET ASIDE; REMANDED FOR FURTHER PROCEEDINGS.
KOSTELKA, J., concurs with written reasons.
DREW, J., concurs for reasons assigned by KOSTELKA, J.